UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAI FENG TRADING CO. LTD, and | : | |
| EFF MANUFACTORY CO., LTD., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 13-033S |
| | : | |
| QUICK FITTING, INC., | : | |
|     Defendant. | : | |

Consolidated with

| | | |
|---|---|---|
| QUICK FITTING, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-056S |
| | : | |
| WAI FENG TRADING CO., INC., and | : | |
| EASTERN FOUNDRY & FITTINGS, INC. | : | |
| a/k/a EFF MANUFACTORY CO., LTD., | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

    Before me for report and recommendation in these consolidated cases is the motion of Wai Feng Trading Co. Ltd. ("Wai Feng") and EFF Manufactory Co., Ltd. ("EFF")[1] to vacate the Court's order of consolidation and to sever their claim for declaratory relief from one case so that it can be asserted as a counterclaim in the other. Wai Feng and EFF are plaintiffs in the action designated as C.A. No. 13-033S ("13-033") and defendants in the action designated as C.A. No.

---

[1] The EFF entity has changed from Eastern Foundry & Fittings, Inc. to EFF Manufactory Co., Ltd. over the course of these cases. Because which EFF entity is in play at various points in time is not material for purposes of deciding this motion, for simplicity, I use "EFF" to refer to either EFF entity, or both, without distinguishing which is meant. In those instances where the identity of which EFF entity is at issue matters, I use the full name to distinguish one from the other.

13-056S ("13-056"). Quick Fitting, Inc. ("Quick Fitting"), is the defendant in 13-033 and the plaintiff in 13-056. It opposes the motion.

I. **Background**

The first of the two cases, 13-033, was initially filed in the Ontario Superior Court of Justice, Toronto, Canada, on August 2, 2012. 13-033 (ECF No. 52-10). It was then, and remains, a simple collection action. The Canadian case was dismissed after Quick Fitting's Canadian counsel raised the forum selection clause mandating venue in Rhode Island. It was refiled in this Court on January 17, 2013. Grounded in this Court's diversity jurisdiction, in thirteen short paragraphs and two brief Counts, the initial 13-033 Complaint alleges that Wai Feng and EFF are entitled to recover for goods sold and delivered and for breach of contract due to failure to pay for plumbing parts and components delivered to Quick Fitting, which neither returned the goods nor provided notice of any deficiencies. The Complaint seeks payment of $477,661.47. 13-033 (ECF No. 1).

A little over a week later, on January 25, 2013, Quick Fitting filed 13-056. In terms of parties, the first iteration of 13-056 mirrors 13-033; the lead claims, however, are entirely different. Quick Fitting alleges that it is the inventor of patented, trademark-protected technology for manufacturing high-quality, push-to-connect plumbing fixtures. It licensed Wai Feng to manufacture them using Quick Fitting's molds in compliance with quality standards and lead-content limitations; all such products were to be delivered to Quick Fitting for it to resell to its customers. To protect its intellectual property, it required Wai Feng to agree to confidentiality, non-disclosure and non-competition. This business relationship soured when Quick Fitting became dissatisfied with Wai Feng's quality and service. Believing it to be a different company, Quick Fitting entered a similar relationship with EFF, which failed for the

same reason – the plumbing fixtures were defective. Meanwhile, Quick Fitting charges, Wai Feng, EFF and their affiliates stole Quick Fitting's intellectual property, using it to manufacture plumbing fixtures for sale to Quick Fitting's customers. Based on these facts, Count I of 13-056 charges that Wai Feng and EFF misappropriated Quick Fitting's trade secrets, while Count II alleges breach of the confidentiality, non-disclosure and non-compete clauses in the various agreements between Quick Fitting and Wai Feng, EFF and related entities. Count III charges business defamation, alleging that Wai Feng and EFF maliciously disparaged Quick Fitting as part of their illicit effort to sell plumbing fixtures directly to Quick Fitting's customers. Count VIII seeks to enjoin Wai Feng and EFF from continuing this conduct. 13-056 (ECF No. 1).

In addition to these claims, 13-056 also has four unrelated Counts that arise from the sale of the goods for which payment is sought in 13-033. Focusing solely on the goods for which Wai Feng and EFF seek payment, Count IV alleges breach of the contract to deliver merchantable goods, Count V claims negligence for the same conduct and Count VI alleges breach of the implied duty of good faith as a result of the shipment of obviously-defective goods. Count VII claims that the goods did not comply with the "lead-free" specification in violation of the implied warranty of merchantability and fitness for a particular purpose.

Within two weeks of the filing of the 13-056 Complaint, and before either side filed an Answer in either case, Wai Feng and EFF filed a brief motion to consolidate 13-033 and 13-056, alleging that the cases "presumably involve identical questions of fact and law." 13-033 (ECF No. 2 at 1); 13-056 (ECF No. 3 at 1). The motion to consolidate focuses only on the factual and legal identicality of the claims in 13-033 for payment for plumbing fixtures and the four Counts in 13-056 for breach of the agreement to supply merchantable goods; it makes no reference to the primary claims in 13-056 involving misappropriation of intellectual property. Quick Fitting did

not respond to the motion to consolidate. Four days after it was filed, District Judge John J. McConnell, Jr., granted the motion by text order.

As soon as the cases were consolidated, Quick Fitting promptly filed its Answer in 13-033, denying all material allegations. Instead of clearly pleading as counterclaims the claims already pled as Counts IV through VII in 13-056, its Answer includes a short final section somewhat confusingly headed "Affirmative Defenses and Counterclaim;" nothing in the list of numbered assertions that follow sounds like a counterclaim.[2] The list includes not only the affirmative defenses of payment, unclean hands, failure to state a claim and "set-off," but also, echoing Counts IV-VII in 13-056, that "[h]undreds of thousands of dollars of the goods . . . were defective and have caused significant damage to Quick Fitting." The final numbered paragraph of "Affirmative Defenses and Counterclaim" states:

> Quick Fitting commenced an action against Wai Feng Trading Co. Ltd. and Eastern Foundry & Fittings, Inc. in this Court on January 25, 2013, by filing a *Verified Complaint* (CA No. 12-056-S), which fully details the facts and circumstance of the dealings between Quick Fitting, EFF, and Wai Feng, and recites claims against EFF and Wai Feng including misappropriation of trade secrets, breach of contract, breach of warranty, negligence, and product mislabeling. That action has been consolidated with this action. Quick Fitting hereby incorporates by reference all allegations contained in its *Verified Complaint* in C.A. No. 13-056-S, and relies on those allegations as defenses to the claim herein.

---

[2] The paragraphs that follow "Affirmative Defenses and Counterclaim" do not comply with the pleading requirements of Fed. R. Civ. P. 8(a) and 10(b) for stating a counterclaim. At the hearing on this motion to consolidate and sever, Quick Fitting suggested the Court could treat its affirmative defenses in 13-033 as counterclaims, at least for the purpose of looking at which claims have been brought by the parties in each case. See Fed. R. Civ. P. 8(c)(2) (if counterclaim mistakenly designated as affirmative defense or vice versa, court must treat pleading as if designation correct if justice requires); Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1275 (3d ed. 2014) (pleader should not be penalized for improper labelling). However, Wai Feng and EFF have not treated these defenses as counterclaims and have not answered as required by Fed. R. Civ. P. 12(a)(1)(B); Quick Fitting has not taken the position that they should answer.

13-033 (ECF No. 3). Three weeks later, Wai Feng and EFF answered in 13-056,[3] denying all of the material allegations and stating a short list of affirmative defenses, including failure to state a claim, negligence, assumption of the risk, estoppel, waiver, statute of limitations and laches. 13-056 (ECF No. 8).

With the pleadings closed, for almost a year, the parties engaged in consolidated discovery and continued to investigate their respective claims, at least one focus of which was the relationship between Wai Feng, EFF and other related entities. For Wai Feng and EFF, this investigation culminated in a somewhat shamefaced motion to amend its pleading to substitute EFF Manufactory Co., Ltd. for Eastern Foundry & Fittings, Inc. as the proper plaintiff in 13-033. 13-033 (ECF No. 24). This amendment was allowed and the Second Amended Complaint in 13-033 was filed on January 23, 2014. In addition to the alteration in parties, a new Count III was added to 13-033 – responding to the 13-056 allegations of misappropriation of intellectual property and violation of duties of non-disclosure and non-competition, EFF asked this Court to declare void and unenforceable the provisions of the operative agreements that prohibited any communication or the conduct of any business with Quick Fitting's customers or potential customers. This Count was not pled as a counterclaim in 13-056; Wai Feng and EFF asserted it only in 13-033. 13-033 (ECF No. 40).

At argument on the motion to amend the Complaint in 13-033, Quick Fitting made clear to the Court that it also had an amendment in the works, one that would significantly expand the list of defendants in 13-056. As promised, it moved on March 14, 2014, to add six new entity defendants, three new individual defendants (all members of the Yung family, which Quick Fitting alleges owns and operates Wai Feng, EFF and their affiliates) and a new Count VIII

---

[3] At the same time, Wai Feng and EFF made a minor amendment to their Complaint in 13-033 to fix an error in the pleading of the place of incorporation of EFF. 13-033 (ECF No. 5).

alleging civil conspiracy against the named defendants and "other known and unknown Yung entities," claiming that they are using Quick Fitting's proprietary molds, tooling, designs and specifications to manufacture and sell plumbing fixtures in North America; the amendment was granted and the new Complaint filed on April 17, 2014. It is studded with specific factual allegations, swelling it to 230 paragraphs, more than double the size of the original 13-056 Complaint. 13-056 (ECF No. 59).

As of this writing, Wai Feng and EFF (both EFF Manufactory Co., Ltd. and Eastern Foundry & Fittings, Inc. are defendants in 13-056) have not yet answered the new Complaint in 13-056. None of the new defendants have appeared. Wai Feng and EFF represent that some of the new defendants will raise the defense of lack of personal jurisdiction and that at least one, not related to Wai Feng and EFF, will engage its own counsel, might contest personal jurisdiction, and, if ultimately joined, may demand to redo discovery completed prior to its joinder, particularly depositions that have already occurred. Until the joinder of this entity is clarified, Wai Feng and EFF, understandably, do not want any depositions to go forward in 13-056, in light of the likelihood that this new party will insist on reopening them. Quick Fitting has represented that it might drop this entity, but thus far has not done so. Finally, Wai Feng and EFF have suggested that other "Yung entities" identified in the Amended Complaint but not named as defendants might be indispensable parties.

At argument on Quick Fitting's motion to amend 13-056, Wai Feng's principal objection was prejudice to its simple collection action in 13-033, tied to 13-056 by the consolidation order, which will be significantly delayed and bogged down by what 13-056 will grow into if the amendment is allowed. At the same time, Quick Fitting pointed out that its amendment motion was made promptly following its discovery of the complexity of the Wai Feng/EFF corporate

6

family and that the amendment is necessitated by the challenge of proving that the defendants (new and old) are really a monolithic entity that uses many names and faces causing confusion and facilitating a cover-up of its misconduct in stealing Quick Fitting's intellectual property. To break this logjam, during the argument, the Court asked the parties to consider whether justice would best be served by allowing the amendment to 13-056, but deconsolidating the two cases, and realigning the claims by severing (pursuant to Fed. R. Civ. P. 21) the claims in each case that are more properly compulsory counterclaims in the other case, that is, moving Count III in 13-033 to 13-056, and Counts IV-VII in 13-056 to 13-033. To give the parties time to consider the issue, the amendment was allowed without prejudice to either party presenting a motion to vacate the order of consolidation and to sever.

This motion to deconsolidate and sever followed.

## II. **Applicable Law and Analysis**

### a. Rule 42(a) – Consolidation

Fed. R. Civ. P. 42(a) is a device that allows the court broad discretion to consolidate actions that involve a common question of law or fact. Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc., 878 F.2d 5, 8 (1st Cir. 1989). In making the determination, the court should consider both equity and judicial economy; efficiency cannot prevail at the expense of justice. J.J.R. Distrib. Corp. v. Sandler Bros., 09-CV-210-P-S, 2009 WL 2382778, at *1 (D. Me. July 29, 2009); see also Devlin v. Transp. Commc'ns Int'l. Union, 175 F.3d 121, 130 (2d Cir. 1999). Consolidation is inappropriate when it denies a party its due process right to prosecute its own claims without having them so merged into the claim of the other that irreparable injury will result. Seguro de Servicio, 878 F.2d at 8; Garber v. Randall, 477 F.2d 711, 714 (2d Cir. 1973). When a party in one case adds new defendants and different claims for relief and formal

discovery has not commenced, while the other case is streamlined and will be ready for trial shortly, consolidation that would unnecessarily delay the second case is inappropriate. Figueroa v. DiNitto, No. Civ.A. 03-186 ML, 2003 WL 23142193, at *3 (D.R.I. Dec. 15, 2003); see Tiernan v. Westext Transp., Inc., 295 F. Supp. 1251, 1253 (D.R.I. 1969) (consolidation appropriate when same plaintiff is suing same defendants on same theories and there is nothing more in either case). The district court remains free to reconsider an order of consolidation when it is consonant with justice to do so. Liberty Media Corp. v. Vivendi Universal, S.A., 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012). The court always retains the power to deconsolidate when the original order was entered before the court or the parties could consider the prejudice it would inflict; the order should be vacated when subsequent events reveal that consolidation is no longer appropriate. See New England Energy Inc. v. Keystone Shipping Co., 855 F.2d 1, 9 n.9 (1st Cir. 1988); Liberty Media Corp., 842 F. Supp. 2d at 593.

Here, the original consolidation order was based only on the identicality of facts and law that arise from the claim that Wai Feng and EFF shipped plumbing fixtures but were not paid, and the defenses that Quick Fitting did pay and that the goods were defective. The motion did not ask this Court to consider the very different claims of misappropriation of intellectual property, which the evolution of these cases has since revealed are Quick Fitting's primary focus. Further, with the amendment of 13-056, the parties joined in 13-056 are no longer limited to the plaintiffs in 13-033, and a new claim and many new facts have been added, making the post-amendment iteration of 13-056 significantly different from 13-033. Exacerbating the differences created by the amendment is the challenge Quick Fitting faces in joining all of the new parties it has named; this not only will delay 13-056, potentially significantly, but also will prevent the parties from proceeding with discovery until joinder issues are resolved.

8

By contrast, the remaining discovery needed in 13-033 is simple and focused – responses to targeted interrogatories and document requests were the subject of recent motions to compel and Quick Fitting is now under order of the Court to supply the missing information. Wai Feng and EFF have postponed depositions in 13-033 only because it is premature to depose witnesses in 13-056, and it fears that it will be barred from defending itself in 13-056 if it completes the depositions it is ready to take in 13-033.[4] In addition, at a consolidated trial of these matters, there will be risk of confusion of the jury and prejudice to Wai Feng and EFF as their claim for recovery of money owing will be lost in a trial overwhelmingly focused on Quick Fitting's claims that they conspired with others to steal intellectual property. In short, their simple claim for goods sold and delivered will not only be seriously delayed but also is likely to be "so merged into [Quick Fitting's] claims or defenses . . . that irreparable injury will result." Liberty Media Corp., 842 F. Supp. 2d at 592.

Quick Fitting's primary argument against deconsolidation is that its massive amendment in 13-056 is not such a dramatic changed circumstance as to undermine the rationale for the original consolidation order, ignoring that the initial consolidation was ordered before any of the complexity of 13-056 had emerged. Quick Fitting also argues that deconsolidation would stagger the litigation by putting Wai Feng and EFF at the head of the line,[5] ignoring that, after deconsolidation, 13-056 may move as fast or as slow as appropriate without regard to 13-033; Quick Fitting cannot complain if 13-056 gets bogged down due to its strategic decision to more

---

[4] Wai Feng and EFF recognize that deconsolidation means that some of their employees may be exposed to being deposed twice and testifying at trial twice, now in 13-033 and in the future in 13-056. At the hearing, they represented that they see no prejudice – and will assert no objection – because the operative facts at issue in each case are so different.

[5] Quick Fitting pointed to the unwillingness of Wai Feng and EFF to allow depositions of their witnesses to proceed in 13-056 until all of the named defendants are joined as evidence of its contention that the cases will be staggered. I draw the contrary conclusion – this is evidence that Quick Fitting's strategic decision to amend 13-056 will lead to delay that should not affect 13-033, in which all parties should be free to proceed now with depositions without fear of prejudice in 13-056.

than triple the number of parties and double the length of its Complaint. Finally, Quick Fitting focuses on Counts IV-VII (alleging defective goods) in 13-056, which respond to Counts I and II (seeking payment) in 13-033, and argues that a deconsolidation that leaves them behind would be prejudicial, forcing it to try the claims of unpaid invoices without the opportunity to present the defense that defective products were delivered. It fails to address the possibility of severing those claims (despite this Court's specific request at the hearing on its motion to amend that it do so) and instead insists that the cases must remain consolidated because of them.[6]

I find that the new circumstances presented in the wake of the amendment to 13-056 make this an appropriate moment for this Court to exercise its inherent power to reconsider the interlocutory order of consolidation. Liberty Media Corp., 842 F. Supp. 2d at 593-94. Balancing the interests of fairness and efficiency, I find that deconsolidation seems well justified as yielding the most equitable and fair result. Figueroa, 2003 WL 23142193, at *3 (consolidation inappropriate after plaintiff added new defendants and claims). Nevertheless, Quick Fitting is right that a simple deconsolidation would prejudice both parties because both have filed claims that are directly responsive to claims in the other action and neither has cleanly asserted these claims as counterclaims in the case where they belong.

### b. Rule 13(a) – Compulsory Counterclaims

---

[6] At the hearing, Quick Fitting added the argument that it will be prejudiced because it believes it has a right of set-off based on a clause in one of the agreements providing for liquidated damages. This argument ignores the principle that the affirmative defense of set-off is in the nature of a permissive counterclaim that is more properly severed to be litigated in the case where the set-off claim is being litigated in full. See United Structures of Am., Inc. v. G.R.G. Eng'g, S.E., 9 F.3d 996, 998 (1st Cir. 1993); Lucerne Prods., Inc. v. Skil Corp., 489 F. Supp. 1128, 1128-29 (N.D. Ohio 1980); Turner Constr. Co. v. E. & F. Contractors, Inc., 939 So. 2d 1108, 1109 (Fla. Dist. Ct. App. 2006). In any event, to the extent that Quick Fitting establishes that it has the right to set off monies owed to Wai Feng and EFF for goods sold and delivered in 13-033 to the extent that it prevails in 13-056, it can move to stay execution of any judgment in 13-033 until 13-056 is resolved.

A brief aside on the rules governing compulsory counterclaims is in order: Fed. R. Civ. P. 13(a) provides that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In this Circuit, there are at least four tests to determine whether a counterclaim is compulsory or permissive:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would *res judicata* bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute the plaintiff's claim as well as the defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?

Iglesias v. Mut. Life Ins. Co. of N.Y., 156 F.3d 237, 241 (1st Cir. 1998). Put differently, a counterclaim is compulsory if the same aggregate of operative facts serves as basis of both claims or the aggregate core of facts on which the original claim rests activates additional legal rights in the defendant that would otherwise remain dormant. McCaffrey v. Rex Motor Transp., Inc., 672 F.2d 246, 249 (1st Cir. 1982), superseded by statute on other grounds, Global NAPs, Inc. v. Verizon New England Inc., 603 F.3d 71, 75 (1st Cir. 2010).

Here, Quick Fitting's claims in Counts IV through VII in 13-056 that it was injured by delivery of defective goods clearly arise out of the same operative facts that are pertinent to the claims of Wai Feng and EFF in Counts I and II in 13-033 that they delivered merchantable goods and should be paid; both sets of claims raise issues of fact and law that are the same, they will require substantially the same evidence and they are logically related to each other. Accordingly, I find that Counts IV through VII in 13-056 unambiguously are compulsory counterclaims in 13-033. Similarly, the claim of EFF seeking a declaration voiding the contractual prohibition on communications with Quick Fitting's customers, Count III in 13-033, is plainly a claim activated

by the aggregate core of facts on which Quick Fitting's claim that they breached that prohibition rests. Accordingly, I find that it is a compulsory counterclaim in 13-056.

Neither Wai Feng and EFF nor Quick Fitting has cleanly[7] asserted these compulsory counterclaims in the case where they belong. Under well-settled law, that failure puts them all at risk that these claims will be barred upon the entry of judgment in the case where Fed. R. Civ. P. 13(a) required them to be pled. See In re Iannochino, 242 F.3d 36, 42 (1st Cir. 2001) (when counterclaim is compulsory, party that fails to assert it is barred by *res judicata*); Carteret Sav. & Loan Ass'n v. Jackson, 812 F.2d 36, 38-39 (1st Cir. 1987) (claims that would have been compulsory counterclaims in prior suit barred); York Cnty. v. Great Am. Ins. Co. of N.Y., No. 09-577-P-S, 2010 WL 2244092, at *3-6 (D. Me. May 30, 2010) (dismissing claims that clearly arose from same nucleus of operative facts that were basis for prior suit in which they were not raised as compulsory counterclaims). The failure to assert these compulsory counterclaims is not excused by Fed. R. Civ. P. 13(a)(2)(A), which creates an exception only for claims that were asserted in an action that was already pending when the action was commenced.[8] See Fed. R. Civ. P. 13 advisory committee's note (1946); 3-13 Moore's Federal Practice § 13.14[1] (2014). Further, the Court's consolidation order did not solve the parties' failure to assert their compulsory counterclaims because it did not merge the claims in 13-033 and 13-056. Horizon Asset Mgmt. Inc. v. H & R Block, Inc., 580 F.3d 755, 769 (8th Cir. 2009) (each individual case in a consolidated case "'retain[s] its independent status,' and plaintiffs in a consolidated action . .

---

[7] As noted, Quick Fitting did refer to delivery of defective goods in an allegation that sounds like an affirmative defense, but is under the heading "Affirmative Defenses and Counterclaim" in its answer in 13-033. However, neither Wai Feng nor EFF considers this reference to be a counterclaim, putting Quick Fitting at risk that a court might hereafter conclude that it is not.

[8] Fed. R. Civ. P. 13(a)(2)(A) applies to Wai Feng and EFF with respect to their claims for payment; because 13-033 was already pending when 13-056 was filed, Wai Feng and EFF were not obliged to reassert their claims for payment as counterclaims to Quick Fitting's claims of delivery of defective goods in Counts IV-VII.

. are still 'entitled to a decision on the merits of their claims'") (quoting DeGraffenreid v. Gen. Motors Assembly Div., 558 F.2d 480, 486 (8th Cir. 1977)). When cases are appropriately consolidated, some district courts have declined to dismiss claims that should have been asserted as compulsory counterclaims in the other case. Jack LaLanne Fitness Ctrs., Inc. v. Jimlar, Inc., 884 F. Supp. 162, 163-64 (D.N.J. 1995) (when consolidation obviates concerns of Fed. R. Civ. P. 13(a), dismissal of compulsory counterclaims inappropriate); Branch v. F.D.I.C., 825 F. Supp. 384, 400-01 (D. Mass. 1993) (in light of appropriate consolidation dismissal of claims that are compulsory counterclaims in other case would not serve purposes of Fed R. Civ. P. 13(a)). Nevertheless, because 13-033 and 13-056 remain separate and independent actions, the consolidation order does not provide absolute protection to any of these parties from their failure to plead their compulsory counterclaims in the right case. See Martino v. McDonald's Sys., Inc., 598 F.2d 1079, 1082 (7th Cir. 1979) ("Rule 13(a) is in some ways a harsh rule. It forces parties to raise certain claims at the time and place chosen by their opponents, or to lose them."). In short, far from prejudicing these parties, the contemplated severance will cure this deficit in the pleading in both cases.

    c. **Rule 21 – Severance**

Severance is controlled by Fed. R. Civ. P. 21, which permits a court, on motion or on its own, to add or drop parties or sever claims when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation. E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co., No. 93-Civ-2462, 1995 WL 312505, at *1-2 (S.D.N.Y. May 22, 1995); Levine v. Fed. Deposit Ins. Corp., 136 F.R.D. 544, 550 (D. Conn. 1991). Severance is different from ordering separate trials pursuant to Fed. R. Civ. P. 42(b) – it divides a case containing multiple claims into separate actions, while ordering separate trials under Fed. R. Civ. P. 42(b)

divides a single case into separate trials that remain under the umbrella of the original action. See Acevedo-Garcia v. Monroig, 351 F.3d 547, 559 (1st Cir. 2003); Corvello v. New England Gas Co., Inc., 247 F.R.D. 282, 285 (D.R.I. 2008). The decision to sever a party or claim is within the broad discretion of the district court. Monroig, 351 F.3d at 558. Orders under Fed. R. Civ. P. 21 are to be made with consideration of principles of fundamental fairness and judicial efficiency. See Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 369 (M.D. Fla. 2013); In re Cyberonics Inc. Sec. Litig., 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006).

In deciding whether to sever claims and try them separately, a court should consider a number of factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. In re MTBE Prods. Liab. Litig., 247 F.R.D. 420, 424 (S.D.N.Y. 2007). Severance requires the presence of only one of these conditions. Id. It should be ordered when one party's claim is simple and will not require much discovery, but is joined to a claim that will require potentially-protracted discovery, resulting in delay, or to a claim that will lead to complex evidence, potentially resulting in jury confusion or prejudice. Lampron v. Grp. Life Ins. & Disability Plan of United Techs. Corp., No. 2:12-cv-197-GZS, 2013 WL 2237854, at *3-4 (D. Me. May 21, 2013) (despite potential for two rounds of discovery, severance ordered because discovery for one claim very limited). The severance decision should be guided by whether it would prejudice either party or result in unreasonable delay. Wultz v. Islamic Republic of Iran, 762 F. Supp. 2d 18, 33 (D.D.C. 2011). When the jury is likely to be confused, or there is risk of

potential prejudice to one party by trying two claims together, the court should sever the cases. Grigsby v. Kane, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003).

Here, avoidance of unnecessary delay and confusion, simplification of the issues and the lack of risk of significant duplication of evidence all tip the scale definitely in favor of severance of the compulsory counterclaims currently pending as claims in the other case. Neither party has raised, nor does logic suggest, the danger of inconsistent verdicts, where the operative facts in each case are so different. Severance not only cures the risk to both sides of their failure to assert their compulsory counterclaims in the right case, but also eliminates the only colorable impediment to deconsolidation that Quick Fitting has raised. I find that severance would serve the ends of justice and further the prompt and efficient disposition of these cases.

### III. Conclusion

I recommend that the motion of Wai Feng and EFF to deconsolidate 13-033 and 13-056 be granted. 13-033 (ECF No. 49); 13-056 (ECF No. 57). I further recommend that the motion of Wai Feng and EFF to sever Count III from its Second Amended Complaint in 13-033 so that it may be asserted as a counterclaim in 13-056 be granted. Finally, I recommend that this Court, on its own, sever Counts IV though VII from Quick Fitting's First Amended Verified Complaint in 13-056 and direct Quick Fitting to amend its answer in 13-033 to assert them as counterclaims within thirty days of this Court's adoption of this report and recommendation.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 30, 2014