# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

WAI FENG TRADING CO. LTD, and     :
EFF MANUFACTORY CO., LTD.,     :
       Plaintiffs,     :
    :
      v.     :     C.A. No. 13-33S
    :
QUICK FITTING, INC.,     :
       Defendant.     :

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

    Before me is the motion of Plaintiffs Wai Feng Trading Co. Ltd. and EFF Manufactory

Co., Ltd. ("Wai Feng" and "EFF") to dismiss Count IV of the counterclaim of Defendant Quick

Fitting, Inc., ("Quick Fitting") without prejudice. ECF No. 82.

    This case is one of two between these parties – while the cases initially were

consolidated, based on my recommendation that they could be judicially managed with far

greater facility if they were separated, and with no objection by Quick Fitting, deconsolidation

was ordered on August 22, 2014. Wai Feng Trading Co. v. Quick Fitting, Inc., No. CA 13-033

S, 2014 WL 4199174 (D.R.I. Aug. 22, 2014) ("deconsolidation order"). The instant case is the

simple one; it seeks payment for goods sold and delivered and is referred to in this report and

recommendation as "13-33." The other case is the complex one – it claims theft of intellectual

property and breach of the confidentiality and non-competition requirements of three

agreements. Quick Fitting, Inc. v. Wai Feng Trading Co. Ltd., C.A. No. 13-56S ("13-56").

Now, Quick Fitting seeks to assert as a counterclaim, not simply as an affirmative defense, in the

collection action (13-33) the claim that Plaintiff EFF's breach of its non-compete obligations

under the 2011 License Agreement entitles Quick Fitting to liquidated damages of $500,000,

which Quick Fitting is contractually entitled to treat as a set-off because the 2011 License Agreement specifies that "Quick Fitting is authorized to withhold all or any portion of the [liquidated damages] from any payments otherwise due to [EFF] until such [liquidated damages] is fully paid." ECF No. 80-2 at 3.

In the deconsolidation order, this Court specifically addressed and determined that this claim is an affirmative defense in the simple collection action, 13-33, in that a breach by EFF of the non-competition section of the 2011 License Agreement justifies Quick Fitting's failure to pay EFF for "payments otherwise due." <u>Wai Feng Trading Co.</u>, 2014 WL 4199174, at *5 n.6. Further, the Court held that the affirmative claim to recover liquidated damages is a permissive counterclaim in 13-33, which is more efficiently and appropriately litigated in 13-56. <u>Id.</u> Quick Fitting's decision to include Count IV in 13-33 as a counterclaim, rather than as a more specific articulation of its already-pled affirmative defense of set-off, is contrary to the spirit of the order and is part of an unfortunate[1] pattern of conduct by Quick Fitting as it persistently tries to re-muddy the waters by re-injecting 13-56 issues into 13-33 and vice versa. Nevertheless, because dismissal is draconian when the goal is judicial efficiency (and the elimination of the prejudice to Plaintiffs in 13-33 and Defendants in 13-56 that had been caused by smooshing these very different cases together), I recommend that the motion to dismiss Count IV of the counterclaim be denied on condition that this Court stay litigation of Count IV in 13-33 regarding (1) whether EFF has breached the non-competition section of the 2011 License Agreement; and (2) whether either the non-competition section or the liquidated damages clause is unenforceable or void; the stay shall be lifted immediately upon final resolution of those issues in 13-56. The only issue

---

[1] Deconsolidation has accomplished the Court's goal of providing clarity and facilitating judicial management of these cases; for example, the scope of relevancy in the two cases is starkly different and deconsolidation has made it far easier for the Court to address the parties' contentious discovery disputes.

pertaining to Count IV to be litigated in 13-33 is whether whatever right Quick Fitting may have to liquidated damages operates as a set-off to Quick Fitting's obligation to pay EFF any payments found due and owing to EFF in 13-33.[2]

I.       **Background and Analysis**

Consistent with its 13-56 claims, which allege that Defendants stole intellectual property and breached three confidentiality and two non-compete agreements, Count IV of Quick Fitting's counterclaim alleges that Plaintiff EFF's breach of its obligations under one of the three agreements, the 2011 License Agreement, entitles Quick Fitting to liquidated damages of $500,000 pursuant to the terms of that agreement. As a result of the breach, Quick Fitting asserts that it is explicitly permitted to offset and withhold the payments that EFF is seeking in its 13-33 complaint. Quick Fitting argues that Count IV belongs in 13-33 because the liquidated damages clause supplies a complete defense to its obligation to pay EFF so that to bar it from asserting Count IV would prevent it from fully explaining why it stopped paying invoices otherwise due that are in suit in 13-33. See ECF No. 81 ¶ 92 (Count IV alleges that breach of 2011 License Agreement triggers liquidated damage clause, "permitting Quick Fitting to offset and withhold payments for the products then due").

Quick Fitting justifies its assertion of Count IV in 13-33 as a claim, rather than as an affirmative defense, with a reprise of the argument it unsuccessfully made at the hearing on deconsolidation, contending that Count IV must be pled in 13-33 because the claim amounts to a "viable and relevant defense" to nonpayment of amounts allegedly due.[3] ECF No. 54 at 6; see

---

[2] If the District Court accepts this recommendation, Plaintiffs' obligation to file an answer to Count IV is also stayed.

[3] Quick Fitting also argues – illogically – that the Court intended the deconsolidation order to operate only retrospectively leaving Quick Fitting free to re-entangle the cases at will. That was not the intent, as a quick read of the Court's decision makes clear. Wai Feng Trading Co., 2014 WL 4199174.

ECF No. 84 at 2-3. This Court's report and recommendation on the deconsolidation order, to which Quick Fitting did not object, directly addressed this argument, and found that the liquidated damages claim amounts to the affirmative defense of set-off, and therefore is not a compulsory counterclaim, but rather is a permissive counterclaim. Wai Feng Trading Co., 2014 WL 4199174, at *5 n.6 (citing cases). Simply put, there is no danger that Quick Fitting would be barred by litigating its claim of breach of the non-competition agreement in 13-56, where it belongs. Tellingly, it cites to no authority suggesting otherwise. See Burlington v. N. R.R. Co. v. Strong, 907 F.2d 707, 711-12 (7th Cir. 1990) (set-off claim to recover disability benefits paid to plaintiff seeking to recover for injuries is permissive, not compulsory counterclaim).

In this instance, 13-56 is where the parties are already litigating Quick Fitting's claim that the 2011 License Agreement was breached by EFF's breach of the non-competition section, entitling it to damages. Consistently, 13-56 is where Wai Feng and EFF have brought a declaratory judgment counterclaim that seeks a determination that both the non-competition section and $500,000 liquidated damages clause are unenforceable and void. ECF No. 83 (13-56). Quick Fitting acknowledges that allowing Count IV to be fully litigated in 13-33 would recreate the untenable and inefficient situation where all of these claims will have to be asserted and litigated in both cases.[4]

To avoid any appearance that Quick Fitting's contract-based defense to its obligation to pay is removed, I do not recommend that this motion to dismiss Count IV be granted. Rather, the preferable course is to allow Quick Fitting to state its claim, but to be clear that litigation of the non-competition breach, together with the related issues pertaining to the enforceability of the operative clauses of the 2011 License Agreement, will proceed in 13-56. To achieve that

---

[4] Reconsolidation would not solve the confusion because, as the Court noted in the deconsolidation order, consolidation does not merge the claims. Wai Feng Trading Co., 2014 WL 4199174, at *7.

goal, I recommend a stay that would allow the 13-56 issues to be litigated to conclusion in 13-56, at the same time that all of Quick Fitting's rights to its defenses in 13-33 are fully preserved.

## II.    Conclusion

Based on the foregoing, I recommend that the motion to dismiss Count IV of the counterclaim be denied on condition that this Court stay litigation of Count IV in 13-33 regarding (1) whether EFF has breached the non-competition section of the 2011 License Agreement; and (2) whether either the non-competition section or the liquidated damages clause is unenforceable or void; the stay shall be lifted immediately upon final resolution of those issues in 13-56.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 12, 2015