UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAI FENG TRADING CO. LTD, and :
EFF MANUFACTORY CO., LTD., :
    Plaintiffs, :
:
v. : C.A. No. 13-33S
:
QUICK FITTING, INC., :
    Defendant. :

**AMENDED REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

    This case is one of two between these parties;[1] it primarily seeks payment for goods sold and delivered and is referred to in this report and recommendation as "13-33." The other case is focused on theft of intellectual property and breach of contractual confidentiality and non-competition requirements; captioned <u>Quick Fitting, Inc. v. Wai Feng Trading Co. Ltd.</u>, C.A. No. 13-56S, it is referred to as "13-56." This amended report and recommendation is substantially identical to an amended report and recommendation issued today in 13-56. Collectively, they amend two reports and recommendation – one in 13-33 (ECF No. 88) ("13-33 R+R") and one in 13-56 (ECF No. 107) ("13-56 R+R") – both of which issued on March 12, 2015 (collectively, the "March 12 R+Rs"). They are being amended in response to Quick Fitting's Motion for Reconsideration or to Clarify Two Report and Recommendations, which it filed in identical form in 13-33 and 13-56. ECF No. 91 in 13-33; ECF No. 115 in 13-56.

    The history that leads to this amendment may be briefly stated. In a recommendation to which neither party objected and which was adopted by this Court, 13-33 and 13-56 were

---

[1] The defendant (Quick Fitting, Inc.) in this case is the plaintiff in the other; it will be referred to as "Quick Fitting." The list of parties on the Wai Feng side of the "v" is not completely aligned in the two cases and not all of those named have been joined; for simplicity, I refer to them as the "Wai Feng parties," using that term to refer to those persons and entities that are joined and have appeared through counsel.

deconsolidated for more efficient management.  <u>Wai Feng Trading Co. v. Quick Fitting, Inc.</u>, No. CA 13-033 S, 2014 WL 4199174 (D.R.I. Aug. 22, 2014).  The recommendations in the March 12 R+Rs were for the purpose of sustaining the simplicity achieved by the deconsolidation.  However, since the issuance of the deconsolidation order, Quick Fitting has expanded the scope of its claims, affirmative defenses and counterclaims to the point where deconsolidation has ceased to be the most efficient approach to management of these cases.  More seriously, it has begun to have an adverse impact on the parties' ability fairly to litigate their claims.

Accordingly, the motions to reconsider or clarify are granted[2] and I now withdraw all aspects of the March 12 R+Rs that were crafted for the purpose of keeping 13-33 and 13-56 efficiently deconsolidated.  Specifically, the 13-33 R+R is hereby amended in that I now recommend that the Wai Feng parties' motion to dismiss Count IV of Quick Fitting's counterclaim be denied without prejudice and the 13-56 R+R is hereby amended in that I now recommend that Quick Fitting's motion for leave to file a Second Amended Verified Complaint be granted in its entirety.  Further, based on the parties' agreement, I recommend that this Court reconsolidate the two actions, commencing as of the date of the Court's decision on these amended R+Rs. To implement the reconsolidation, the parties have agreed that discovery taken in either case during the period of deconsolidation may be deemed to have been taken in the other.  These recommendations are made without prejudice to the right of either party to seek deconsolidation in the future or to ask the Court to bifurcate issues for trial.

---

[2] A separate text order has been entered today granting the motion for reconsideration or to clarify in both cases.

I.    **<u>Background and Analysis</u>**[3]

The 13-33 R+R recommended that Wai Feng's motion to dismiss Count IV of Quick Fitting's counterclaim in 13-33 (asserting breach of the non-compete and non-disclosure requirements) be denied, subject to a stay of litigation regarding the non-competition provisions; upon the resolution of litigation regarding the stayed issues in 13-56, the stay in 13-33 would immediately be lifted. The 13-56 R+R recommended denial of Quick Fitting's motion to amend its complaint to the extent it sought to inject Counts V, VI, VII and VIII into 13-56, which are identical to causes of action already asserted in 13-33, but that the balance of the proposed amendment be granted. These two aspects of the March 12 R+Rs – stay of non-competition litigation in 13-33 and dismissal of defective product claims in 13-56 – were intended to keep 13-33 focused on payment for goods sold, including the defense that the goods delivered were defective, and to keep 13-56 focused on breach of the non-competition and non-disclosure provisions of the contracts, including the defense of enforceability.

As to the 13-33 R+R, Quick Fitting's motion points out that the stay of the non-disclosure and non-competition issues will interfere with its ability to assert that its obligation to pay is offset or voided by the breach of the non-disclosure and non-competition provisions in the agreements between some of the parties. As to the 13-56 R+R, Quick Fitting's motion points out that it has expanded its defective product claims so that it is asserting Counts V through VIII against some of the other defendants that Quick Fitting sued in 13-56, not all of which are named in 13-33. Accordingly, the denial of its motion to assert those Counts in 13-56 amounts to a substantive denial of its ability to sue for the injury it claims it suffered as a result of the sale and

---

[3] Because these amended R+Rs are intended to supplement, but not to replace the March 12 R+Rs to the extent that the latter are consistent with the former, the March 12 R+Rs are not abrogated. This discussion assumes the reader's familiarity with them.

delivery of defective goods.  Together, Quick Fitting's clarifications are significant, not only because they reveal that the March 12 R+Rs have unintended substantive consequences, but also that the overlap that has grown between 13-33 and 13-56 now makes continued deconsolidation anachronistic.

The deconsolidation order was intended to make 13-33 a simple dispute over goods sold and delivered, while 13-56 would focus on the more complex issues of theft of intellectual property and breach of confidentiality and non-competition requirements of three agreements. At oral argument on Quick Fitting's motion, it quickly became clear that deconsolidation was no longer workable, but the parties had not yet carefully considered the collateral consequences of various approaches to the most efficient judicial management to be imposed on the cases.  To give the parties time to resolve this uncertainty, I directed them to meet and confer and scheduled a conference with the Court a few weeks later.  Based on the conference, the approach adopted in this report and recommendation has the acquiescence of both the Wai Feng parties and Quick Fitting.

It is axiomatic that a case management order should not substantively impact the ability of a party to prosecute its claims and defenses.  See Danny B. ex rel. Elliott v. Raimondo, 784 F.3d 825, 835 (1st Cir. 2015) ("a district court may not impose discovery restrictions that preclude a suitor from the legitimate pursuit of evidence supporting her cause of action"); In re Centennial Techs. Litig., 20 F. Supp. 2d 119, 122 (D. Mass. 1997) ("As a matter of case management, a court may fashion orders for a fair process of adjudication of all claims and defenses on the merits without the added delay and expense imposed on all parties by lack of focus on potentially dispositive issues of law or fact or both."); Zipes v. Abraham, No. CIV. A. 91-5206, 1992 WL 328894, at *2 (E.D. Pa. Oct. 26, 1992) ("case management . . . should not be

viewed as a 'strait-jacket' restricting 'complete exploration' of a party's claims"). Rather, the function of a case management order is to develop the most efficient approach to the resolution of disputes, with efficiency to be achieved by the parties as well as by the Court. See Wolf v. Geico Ins. Co., 682 F. Supp. 2d 197, 199, 200 (D.R.I. 2010) (in considering how best to manage litigation, what will be the most efficient approach boils down to how much the chosen approach will eliminate disputes or require parties and court to retread old ground). Keeping in mind these tenets, Quick Fitting should not be prevented from litigating its claims and defenses under the guise of case management; accordingly, its motion to reconsider or clarify is hereby granted. See In re Loestrin 24 Fe Antitrust Litig., No. 1:13-MD-2472-S-PAS, 2014 WL 7883527, at *1 (D.R.I. Feb. 17, 2014) (reconsideration appropriate when the Court has misunderstood a party's argument). I amend the March 12 R+Rs to recommend that Wai Feng's motion to dismiss Count IV of Quick Fitting's counterclaim in 13-33 be denied without prejudice; and, in 13-56, Quick Fitting Inc.'s motion for leave to file a Second Amended Verified Complaint be granted in its entirety.

In light of Quick Fitting's clarification of its claims and defenses, the issues of breach of confidentiality and non-competition in 13-56 are now teed up as justification for non-payment in 13-33, and the defective product claims that form the core of 13-33 are now front and center in 13-56 against additional defendants. Based on this significant overlap, I recommend that equity, judicial economy and efficiency all dictate that the Court should formalize the parties' agreement to reconsolidate the two cases. See Wai Feng Trading Co., 2014 WL 4199174, at *4 (citing Fed. R. Civ. P. 42(a)). Because some discovery has proceeded in one case or the other after the deconsolidation order entered, I also recommend the Court adopt the parties' agreement that discovery taken in either case during the period of deconsolidation may be deemed to have been

5

taken in the other. Of course, the District Court remains free to reconsider an order of consolidation or to bifurcate issues for trial if it becomes consonant with justice to do so. Id.; United States v. Acquest Wehrle LLC, No. 09CV000637CF, 2010 WL 3788050, at *4 (W.D.N.Y. Sept. 23, 2010) (bifurcation not subject to law of the case doctrine because it is case management rather than legally substantive issue).

## II. Conclusion

Based on the foregoing, Quick Fitting's motion for reconsideration or to clarify (ECF No. 91 in 13-33; ECF No. 115 in 13-56) is granted as follows: the March 12 R+Rs (ECF No. 88 in 13-33; ECF No. 107 in 13-56) are amended. I now recommend that, in 13-33, Wai Feng's motion to dismiss Count IV of Quick Fitting's counterclaim (ECF No. 82 in 13-33) be denied without prejudice; and, in 13-56, Quick Fitting's motion for leave to file a Second Amended Verified Complaint (ECF No. 100 in 13-56) be granted in its entirety. I further recommend that this Court reconsolidate 13-33 and 13-56 commencing as of the date of decision on these amended R+Rs and order that discovery taken in either case during the period of deconsolidation should be deemed to have been taken in the other. These recommendations are made without prejudice to either party seeking deconsolidation or bifurcation of issues for trial in the future.

Pursuant to this Court's Text Order of April 13, 2015,[4] any objection either to what remains of the March 12 R+Rs or to these amended R+Rs must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after service of this amended R+R on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and

---

[4] In light of Quick Fitting's motion to reconsider or clarify, I tolled the time to object to the March 12 R+Rs until after a decision on Quick Fitting's motion. See Text Order of Apr. 13, 2015. The time to object to both what remains of the March 12 R+Rs, as well as these amended R+Rs, is now reset to fourteen (14) days after service of this amended R+R. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).

the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 17, 2015