UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
WAI FENG TRADING CO., LTD.; AND     )
EFF MANUFACTORY CO., LTD.,          )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   C.A. No. 13-033 S
                                    )
QUICK FITTING, INC.,                )
                                    )
        Defendant.                  )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

   This case is one of two between the parties; Defendant in the above-captioned matter ("13-33"), Quick Fitting, Inc. ("Quick Fitting"), is the plaintiff in the other, C.A. No. 13-056 S ("13-56"), and Plaintiffs in this case, Wai Feng Trading Co., Ltd., and EFF Manufactory Co., Ltd. ("Wai Feng") are two of the defendants in 13-56.  Before the Court is Magistrate Judge Patricia A. Sullivan's Amended Report and Recommendation (ECF Nos. 94 (13-33), 120 (13-56)) (the "Amended R&R") recommending that the cases be reconsolidated, that Quick Fitting's Motion for Leave to Amend Complaint (ECF No. 100 (13-56)) be granted, and that Wai Feng's Motion to Dismiss Count IV of the

Counterclaim (ECF No. 82 (13-33)) be denied without prejudice.[1] Wai Feng filed objections (ECF Nos. 97 (13-33), 123 (13-56)); Quick Fitting filed responses (ECF Nos. 100 (13-33), 126 (13-56)); and Wai Feng filed replies (ECF Nos. 102 (13-33), 127 (13-56)).

Because this Court agrees with Magistrate Judge Sullivan's analysis, it hereby accepts, pursuant to 28 U.S.C. § 636(b)(1), the Amended R&R. The relevant facts, procedural background, and analysis are fully set forth in the Amended R&R. The Court limits its discussion to and presents only those facts pertinent to Wai Feng's objections. This order is substantially identical to a companion order issued today in 13-56.

---

[1] On August 22, 2014, this Court adopted Magistrate Judge Sullivan's Report and Recommendation ("R&R") deconsolidating these two cases for more efficient management. (ECF Nos. 67 (13-33), 79 (13-56).) On March 12, 2015, Magistrate Judge Sullivan issued R&Rs on two motions, with the goal of maintaining the separation of the cases. The R&R in 13-56 (ECF No. 107) ("13-56 R&R") recommended granting in part and denying in part Quick Fitting's Motion for Leave to Amend Complaint (ECF No. 100 (13-56).) This recommendation sought to prohibit Quick Fitting from including certain claims in 13-56, the equivalent of which were already included in 13-33. The R&R in this case (ECF No. 88) ("13-33 R&R") recommended that Wai Feng's Motion to Dismiss Count IV of the Counterclaim (ECF No. 82 (13-33)) be denied on the condition that this Court stay litigation of Count IV in 13-33 until resolution of those issues in 13-56. Quick Fitting filed Motions for Reconsideration or to Clarify the R&Rs. (ECF Nos. 91 (13-33), 115 (13-56).) Magistrate Judge Sullivan granted Quick Fitting's Motions to Clarify and issued the Amended R&R.

The gravamen of Wai Feng's objection is that reconsolidating the cases will prejudice Wai Feng because their "simple collection action" – 13-33 – will get bogged down by the more complicated and time-consuming issues in 13-56.  However, this Court is not persuaded that keeping the cases deconsolidated will actually prevent delays in 13-33.  While 13-33 may have started as a "simple collection action," that ship has sailed.  It has become apparent that in order to defend its case in 13-33, Quick Fitting seeks to make arguments that overlap with the claims in 13-56, namely that Wai Feng breached certain agreements.  As Magistrate Judge Sullivan notes, "Quick Fitting should not be prevented from litigating its claims and defenses under the guise of case management."  (Amended R&R 5, ECF Nos. 94 (13-44), 120 (13-56).)  Once the 13-56 claims are let into 13-33, which they must be for Quick Fitting to be able to assert all of its defenses, "it quickly bec[omes] clear that deconsolidation [i]s no longer workable."  (Id. at 4.)  Indeed, even in Magistrate Judge Sullivan's initial R&R in 13-33, where she attempted to keep the cases separate, her recommendation was to "stay litigation of Count IV in 13-33 regarding (1) whether EFF has breached the non-competition section of the 2011 License Agreement; and (2) whether either the non-competition section or the liquidated damages clause is unenforceable or void." (R&R

3

2, ECF No. 88 (13-33).) That stay would arguably delay 13-33 even more than consolidation: rather than trying both cases at the same time, 13-33 would have to wait until after those issues in 13-56 were resolved.

Wai Feng also protests that the Amended R&R incorrectly represented that Wai Feng had agreed to consolidation, when in fact their agreement was contingent on certain discovery conditions. During a conference with Magistrate Judge Sullivan on May 22, 2015, Wai Feng claims they "made clear . . . that their willingness to proceed with the cases consolidated depended on an expeditious conclusion to discovery so that 13-056 would not delay 13-033." (Wai Feng's Objection 14, ECF Nos. 97 (13-33), 123 (13-56).) Wai Feng is concerned that "[t]he Amended R&R, as written, prejudices Plaintiffs because it would be a basis for the Court to hold they have waived their objection to an unconditional consolidation when they did not." (Id. at 15.) Wai Feng's objection is noted; however, as explained above, it does not appear that keeping the two cases separate will actually accomplish the goal of a quick resolution to 13-33. In any event, the close of fact discovery in 13-56 is currently set for October 1, 2015, and although Magistrate Judge Sullivan declined to rule that the granted extension was final, she noted that "[t]he Wai Feng parties have laid a strong

4

foundation for resisting another extension." (Order on Mots. for Extension of the Scheduling Order 3, ECF No. 129 (13-56).) Thus, the Court sees no prejudice to Wai Feng at this time in consolidating the cases.[2]

Wai Feng's argument that Quick Fitting's Motions for Reconsideration or Clarification were without legal basis is similarly unavailing. As Wai Feng recognizes, the court has the "inherent power to . . . re-examine its interlocutory orders" where "the court has misapprehended some material fact or point of law." (Wai Feng's Objection 16, ECF Nos. 97 (13-33), 123 (13-56) (quoting Luckerman v. Narragansett Indian Tribe, 965 F. Supp. 2d 224, 232 (D.R.I. 2013) (Smith, J.)).) Here, "Quick Fitting's clarifications are significant, not only because they reveal that the March 12 R+Rs have unintended substantive consequences, but also that the overlap that has grown between 13-33 and 13-56 now makes continued deconsolidation anachronistic." (Amended R&R 3-4, ECF Nos. 94 (13-44), 120 (13-56).) Where the Court has acknowledged that it misapprehended the "substantive consequences" and the extent of the overlap

---

[2] Regarding Wai Feng's concern that consolidating the cases "could easily lead to confusion at trial" (Wai Feng's Objection 24, ECF Nos. 97 (13-33), 123 (13-56)), the Court notes that this Order is "without prejudice to the right of either party to seek deconsolidation in the future or to ask the Court to bifurcate issues for trial." (Amended Report and Recommendation 2, ECF Nos. 94 (13-44), 120 (13-56).)

between the cases, Quick Fitting's Motions for Reconsideration or Clarification were appropriate.

Finally, Wai Feng argues that "the Amended R&R fails to consider whether Quick Fitting's amended pleadings should be rejected as futile." (Wai Feng's Objection 21, ECF Nos. 97 (13-33), 123 (13-56).) Magistrate Judge Sullivan considered this issue in her initial R&R in 13-56 and found that:

> Defendants' futility arguments are insufficiently developed and are more properly raised as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. . . . More importantly, as Quick Fitting points out, the gravamen of Defendants' attack on the new pleading is focused on its inconsistency with the evidence in the record, suggesting that the appropriate challenge is by a Fed. R. Civ. P. 56 motion for summary judgment, which may take facts outside the pleading into consideration.

(13-56 R&R 6, ECF No. 107 (citations omitted).) This Court agrees. Wai Feng may well have legitimate challenges to the new claims in Quick Fitting's Second Amended Complaint, but those arguments are fact-intensive, and thus are more appropriately raised in either a motion to dismiss or a motion for summary judgment.

For these reasons, the Amended R&R is ADOPTED; 13-33 and 13-56 are hereby RECONSOLIDATED; Quick Fitting's Motion for Leave to File a Second Amended Verified Complaint (ECF No. 100 (13-56)) is GRANTED; and Wai Feng's Motion to Dismiss Count IV

of Quick Fitting's Counterclaim (ECF No. 82 (13-33)) is DENIED

WITHOUT PREJUDICE.

IT IS SO ORDERED.

/s/ W E Smith
_____
William E. Smith
Chief Judge
Date:  September 30, 2015