UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
WAI FENG TRADING CO., LTD. and )
EFF MANUFACTURING CO., LTD.,   )
                               )
         Plaintiffs,           )
                               )
    v.                         )    C.A. No. 13-033 S
                               )
QUICK FITTING, INC.,           )
                               )
         Defendant.            )
_____)
                               )    consolidated with
QUICK FITTING, INC.,           )
                               )
         Plaintiff,            )
                               )
    v.                         )    C.A. No. 13-056 S
                               )
WAI FENG TRADING CO.,          )
LTD., ET AL.,                  )
                               )
         Defendants.           )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is an Objection to Magistrate Judge Patricia A. Sullivan's June 14, 2016 Memorandum and Order Concerning Discovery Issues ("Objection") (ECF No. 157) filed by Quick Fitting, Inc. ("Quick Fitting"). Wai Feng Trading Co., Ltd., EFF Manufactory Co., Ltd., Eastern Foundry & Fitting, Inc., Eastern Foundry and Fitting, LLC, Wai Mao Co., Ltd, and Andrew Yung (collectively, the "Wai Feng parties") filed an

Opposition (ECF No. 159) and Quick Fitting filed a Reply (ECF No. 161).  For the reasons that follow, Quick Fitting's Objection is DENIED.

A district court may not disturb a magistrate judge's decision on a non-dispositive motion unless it is "clearly erroneous or contrary to law."  United States v. Raddatz, 447 U.S. 667, 673 (1980).  "In conducting this review, the district court must refrain from second guessing the magistrate judge's pre-trial discovery rulings."  Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004) (citing Mutual Fire, Marine & Inland Ins. Co. v. Jenckes Mach. Co., No. 85-0586, 1986 WL 9717, at *1 (D.R.I. Feb. 19, 1986)). Yet this is precisely what Quick Fitting asks the Court to do in its Objection.  While Quick Fitting may disagree with the judgment calls Magistrate Judge Sullivan made on its discovery motions, it points to no errors that rise to the level of "clearly erroneous."

Magistrate Judge Sullivan has had extensive involvement in the more than three-year tortuous discovery process in these cases.  As she noted in her Memorandum and Order, "'everything has to come to an end, some time,' so with the fact discovery phase for these cases."  (Mem. and Order 2, ECF No. 150 (quoting L. Frank Baum, The Marvelous Land of Oz (1904), available at

http://www.pagebypagebooks.com/L_Frank_Baum/The_Marvelous_Land_of_Oz/The_Scarecrow_Takes_Time_to_Think_p1.html).)  Quick Fitting objects to the following aspects of her decision:

> 1. the denial of Quick Fitting's motion to compel the production of a discrete number of late-produced emails and their attachments in their native or near-native, electronic formats so as to enable Quick Fitting's full and meaningful use of those documents;
>
> 2. the denial of Quick Fitting's motion to compel the production of physical pieces of molds and tooling the Yungs had represented to the Court they would produce in order to stave off an order concerning their non-production early in the litigation; and,
>
> 3. the quashing of a telephonic deposition of a third-party product-certifying agency known as IAPMO, the relevance of which was apparent <u>only upon receipt</u> of documents produced by the Yungs <u>nine days</u> before the close of discovery that directly contradict the Yungs' sworn testimony.

(Quick Fitting's Obj. 2, ECF No. 157 (emphases in original).)

On the first issue, Magistrate Judge Sullivan noted that Quick Fitting's discovery request did not "specify the form or forms in which electronically stored information is to be produced," as allowed under the Federal Rules of Civil Procedure.  (Mem. and Order 10-11, ECF No. 150 (quoting Fed. R. Civ. P. 34(b)).)  Given that, and the fact that Quick Fitting's justification for needing the documents in native format was "tepid," she determined that searchable PDFs – "the same format that had been acceptable for three and [a] half years" – were

3

generally sufficient.[1] (Id. at 11, 12.) This decision was not clearly erroneous.

With respect to the second issue – production of various molds for inspection – Magistrate Judge Sullivan determined that "Quick Fitting's lack of diligence in scheduling the inspection warrants denial of its motion to compel." (Id. at 14.) While Quick Fitting may disagree with this characterization of its conduct, it is far from clearly erroneous.

Regarding the deposition of IAPMO Research & Testing, Inc. ("IAMPO"), Magistrate Judge Sullivan noted that Quick Fitting had already scheduled and cancelled this deposition several times prior to the close of discovery. (Id. at 9.) She determined that the small number of "newly produced documents make it no more or less likely that the product list sent to IAMPO in May 2013 was based on the theft of Quick Fitting's intellectual property" and that "Quick Fitting seems to be trying to sneak in a deposition after the close of fact discovery that it could have completed years ago." (Id. at 10.) Once again, Quick Fitting's disagreement with Magistrate Judge

---

[1] With respect to two of the documents - W03243 and W03250 – Magistrate Judge Sullivan determined that they "arguably might contain metadata that could be relevant," and ordered that those documents be produced, with cost-shifting to Quick Fitting. (Mem. and Order 12-13, ECF No. 150.)

Sullivan's interpretation of its conduct does not make her decision clearly erroneous.

For the foregoing reasons, Quick Fitting's Objection (ECF No. 157) is DENIED.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date:  September 30, 2016