UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAI FENG TRADING CO. LTD, and | : | |
| EASTERN FOUNDRY & FITTINGS, INC., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 13-33WES |
| | : | |
| QUICK FITTING, INC., | : | |
| Defendant. | : | |

Consolidated with

| | | |
|---|---|---|
| QUICK FITTING, INC. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-56WES |
| | : | |
| WAI FENG TRADING CO., LTD., | : | |
| EASTERN FOUNDRY & FITTINGS, INC., | : | |
| EASTERN FOUNDRY AND FITTINGS, LLC, | : | |
| NINGO EFF MANUFACTORY CO, LTD., | : | |
| f/k/a/ NINGO W&F MANUFACTORY CO., LTD., | : | |
| WAI MAO COMPANY, LTD., | : | |
| CIXI CITY WAI FENG BALL VALVE | : | |
| COMPANY, LTD., | : | |
| W&F MANUFACTURING, and | : | |
| CHI YAM "ANDREW" YUNG, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before the Court for determination in these consolidated cases[1] are the following

---

[1] For ease of reference, except as otherwise indicated, citations are to the ECF docket number in 13-33, which is the lead case.

motions, all filed by the Wai Feng parties:[2]

1) Motion to Strike Quick Fitting's "Statement of Counter-Facts" and to Deem Admitted their Undisputed Facts (ECF No. 181);

2) Motion to Exclude David Crompton's Expert Testimony (ECF No. 183);

3) Motion to Strike Quick Fitting's Amended Statement of Undisputed Facts (ECF No. 184);

4) Motion to Strike the Second Affidavit of David Crompton (ECF No. 206);

5) Motion to Strike Quick Fitting's New "Combined Statement of Additional Undisputed Facts," and its "Combined Statement of Responsive Disputed Facts" and to Deem Admitted their Undisputed Facts (ECF No. 207); and

6) Wai Feng Trading and EFF Manufactory's Motion to Strike Quick Fitting's Reply Statement Disputing Additional Facts and to Deem Admitted Their Additional Undisputed Facts (ECF No. 217).

For the reasons that follow, all of the motions are denied.[3]

The first motion (ECF No. 181) asks the Court to strike Quick Fitting's "Statement of Counter-Facts" because it was filed a day late, failed to conform to the Local Rules, set forth unsupported or even false and immaterial facts, contradicted Quick Fitting's prior discovery responses and relied on evidence that will be deemed inadmissible. This statement is Quick Fitting's only mechanism to set out its disputes with the statement of undisputed facts that the Wai Feng parties filed with their summary judgment motions. The Court is not inclined to strike a filing so consequential to the outcome of the case because it is one day late. Otherwise, the issues raised in this motion amount to arguments that the Court has considered as it plowed individually through each of these "counter-facts." These issues are not a reason to strike the

---

[2] The shortened party names used in this memorandum and order are based on terms defined in the first (ECF No. 230) of two reports and recommendations that issued today in these cases.

[3] This memorandum and order resolves most, but not all, of the Wai Feng parties' motions to strike or exclude that affect the summary judgment and expert disclosure phases of these consolidated cases. Still pending are two motions challenging the affidavit and expert opinion of Quick Fitting's employee, Libardo Ochoa. ECF Nos. 182 & 205. They remain under advisement and will be addressed separately.

entire statement, which would leave all of the Wai Feng parties' facts deemed undisputed. See Doe v. Brown Univ., 304 F. Supp. 3d 252, 266 (D.R.I. 2018) ("[W]hile ruling on a motion to strike is committed to the district court's sound judgment, such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.") (quoting Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 39 (1st Cir. 2013)). The motion to strike counter-facts is denied. See id.

The Court next considers the two motions asking the Court to strike the second Crompton affidavit and to exclude the Crompton expert opinion. ECF Nos. 183 & 206. Crompton's second affidavit was appropriately filed with and in support of Quick Fitting's opposition to the Wai Feng parties' summary judgment motions. As with Quick Fitting's "Statement of Counter Facts," the Court will consider the Wai Feng parties' critique of its content, including its inconsistencies with Crompton's Fed. R. Civ. P. 30(b)(6) testimony,[4] by separately examining each paragraph. Based on "the district court's sound judgment[,]" the motion to strike the affidavit in its entirety must be denied. See Doe, 304 F. Supp. 3d at 266. Similarly, the motion to exclude Crompton's expert opinion is denied as moot in light of Quick Fitting's withdrawal of its designation of him as a Fed. R. Civ. P. 26(a)(2) employee/expert in footnote 1 of its opposition to the motion to exclude his expert opinion. ECF No. 203 at 2 n.1.

The final set of motions – ECF Nos. 184, 207 and 217 – are based on Quick Fitting's disregard for the requirements of Local Rule 56(a). This Local Rule requires the party moving for summary judgment to file a statement of "undisputed facts." DRI LR Cv 56(a)(1-2). The

---

[4] For example, when testifying as Quick Fitting's Fed. R. Civ. P. 30(b)(6) designee, Crompton swore that he had no knowledge of any facts indicating that the Wai Feng parties had transferred Quick Fitting's technology to any third party, had sold products containing Quick Fitting's technology or that Cixi Welday or CCWFBV have ever sold products containing Quick Fitting's technology. WF SUF # 1 ¶¶ 41-44. His second affidavit presents an array of facts contravening this testimony. However, the inconsistency is fodder for impeachment at trial. If the contradiction is clear, it may be a reason to reject a specific paragraph based on the "sham affidavit" doctrine. It is not a basis to strike the affidavit entirely.

Court may deem these to be undisputed unless the party opposing summary judgment files a corresponding numbered statement of "disputed facts," and identifies evidence establishing the dispute. DRI LR Cv 56(a)(3). If the objecting party contends that there are additional undisputed facts that preclude summary judgment, it may file an additional statement of undisputed facts. DRI LR Cv 56(a)(4). Finally, the movant may controvert the opposition's additional statement with an additional statement of disputed facts. DRI LR Cv 56(a)(5). Thus, the Local Rule contemplates that, at most, there will be a total of four statements, with a limit of two statements for each side. These consist of two sets of disputed facts numbered to align with the respective undisputed sets to which they respond. The Rule's purpose is to simplify the work for both the parties and the Court by requiring the clear delineation of what is disputed and what is not disputed. See Geffert Co. v. William J. Hirten Co., LLC, 815 F. Supp. 2d 521, 524 (D.R.I. 2011) (The Local Rule is a means of "focusing a district court's attention on what is – and what is not – genuinely controverted.'") (citing Calvi v. Knox Cty., 470 F.3d 422, 427 (1st Cir. 2006)).

In this case, after the parties each initially filed summary judgment motions, the Court intervened. It ordered the parties to withdraw the pending summary judgment motions and to file their Local Rule 56 undisputed fact and disputed fact statements first, in a format to "make[] clear which are disputed and which are not." Text Order of Aug. 16, 2017. The Text Order required that at least the initial undisputed and disputed facts must be exchanged and aligned before the parties could refile their summary judgment motions.

While the Wai Feng parties complied, Quick Fitting violated both the Local Rule and the letter and spirit of the Text Order, causing what can kindly be characterized as chaos. In all, it filed six statements of facts, three of which are in derogation of Local Rule 56(a). For example, it filed two different (and not consistent) sets of disputed facts (ECF Nos. 177, 189-4) in

response to the Wai Feng parties' first set of undisputed facts (ECF No. 172), contrary to the Local Rule's directive that a single set of counter-facts is contemplated. DRI LR Cv 56 (a)(3) ("An objecting party . . . shall file a Statement of Disputed Facts[.]") (emphasis supplied). Similarly, after properly filing a set of undisputed facts in support of its own motion, two months later (and long after the Wai Feng parties had properly responded to the first statement), Quick Fitting improperly filed a second statement of undisputed facts (13-56 ECF No. 259-3), with no indication on how they might relate to the first set.[5] See DRI LR Cv 56(a)(1) ("A motion for summary judgment shall be accompanied by a separate Statement of Undisputed Facts[.]") (emphasis supplied). Then, as motions moved into the opposition phase, Quick Fitting filed a massive (152 separate paragraphs) "combined" statement of undisputed facts (ECF No. 189-1). This statement is a do-over of earlier-filed facts, but with differences; as such, it is a blatant violation of the mandate of Local Rule 56(a)(4), which requires that such a statement must be limited to "additional undisputed facts not contained in the moving party's statement of undisputed facts[.]"

In addition to violating the letter of Local Rule 56(a), these unauthorized filings totally defeated the Court's goal of allowing the parties to sort through this factually complex record before focusing on their legal arguments. At least some of this conduct appears to have been triggered by Quick Fitting's perceived need to gussy up its "facts" after it saw the Wai Feng parties' legal response to its initial effort.

Quick Fitting's conduct left the Wai Feng parties on the horns of a dilemma: they could either (1) comply with the Local Rule and the Text Order and leave the waves of new facts

---

[5] Quick Fitting argues that the Court's Text Order, which sequenced facts first, followed by motions, did not abrogate the Local Rule so that its do-over of its opening statement of undisputed facts in support of its own summary judgment motion was permissible. This argument is flawed in that it relies on the premise that the Text Order required the parties to engage in an empty exercise.

unanswered; or (2) respond with waves of counter-facts, increasing the size and complexity of the mess for the Court to untangle. The Wai Feng parties chose the former path. To protect themselves from the unanswered facts, they moved to strike each of Quick Fitting's statements that are beyond what is contemplated by the Local Rule, for a total of three such motions.

If only to alleviate the burden that Quick Fitting's conduct imposes on the Court, it is tempting to grant at least some of these motions to strike. See Geffert Co., 815 F. Supp. 2d at 524 ("lengthy, complex, and repetitious statement of disputed facts complicates matters and greatly increases the burden on this Court"). When parties ignore the established procedure for summary judgment factual development, the Court is left to the time-consuming task of "ferret[ing] through the record to discern whether any material fact is genuinely in dispute." CMI Capital Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008); see Rios-Jimenez v. Principi, 520 F.3d 31, 38 (1st Cir. 2008) ("litigants ignore [Local Rules] at their peril"). However, also hanging in the balance is the Court's commitment to administering justice so that cases are resolved on their merits. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) ("Our federal rules promote the disposition of claims on the merits rather than on the basis of technicalities."). With that in mind, the Court denies the motions to strike the unauthorized statements; instead, it has studied each fact (including multiple versions of the same fact) and dug deeply into the record to round out the factual picture, thereby vastly increasing the burden on the Court, but offsetting the prejudice that Quick Fitting's conduct inflicted on the Wai Feng parties.

Based on the foregoing, all six motions are denied.
So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 17, 2018